IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 10-cv-02420-BNB

FEB 1 6 2011

ANDREW MARK LAMAR,

GREGORY C. LANGHAM

    Applicant,

CLERK

v.

ARISTEDES ZAVARAS, Executive Director of the Department of Corrections,
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Andrew Mark Lamar, is in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Lamar, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order filed on November 23, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On December 13, 2010, Respondents filed their Pre-Answer Response. Mr. Lamar filed a Reply on December 23, 2010.

The Court must construe liberally the Application and Reply because Mr. Lamar is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Lamar asserts that he was convicted by a jury of sex assault by overcoming the victim's will in Boulder County District Court Case No. 05CR467 and was sentenced on May 15, 2010, upon remand from the Colorado Court of Appeals (CCA), to twelve years to life. Mr. Lamar further asserts that certiorari review was denied in his direct appeal on February 8, 2010. Respondents concede in the Pre-Answer Response that Mr. Lamar's Application is timely. Respondents further note that although Mr. Lamar filed a petition for writ of certiorari to the United States Supreme Court, the petition was not docketed and was not properly filed for purposes of tolling the limitations period. (Pre-Answer Resp. at 6-7.) Nonetheless the one-year time limitation did not begin to run until May 9, 2010, *see Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001), and the application is timely under 28 U.S.C. § 2244(d).

Mr. Lamar raises three claims, including (1) a deprivation of his right to an adequate appellate review in violation of his Fourteenth Amendment rights; (2) a deprivation of his right to possess and maintain actual control over his appeal by "forcing a lawyer on him" in violation of his Fourteenth Amendment rights; and (3) a deprivation of meaningful access to the courts in violation of his First Amendment rights. (Am. Application at 4-5.)

Respondents argue that in Claims One and Two Mr Lamar has failed to assert a cognizable violation of his constitutional rights because there is no constitutional right to an appeal, no right to represent oneself on appeal, and no federal constitutional violation when a defendant is required to accept appointed counsel against his will. Respondents further contend that, to the extent a State recognizes such rights, violations of State statutes or provisions of the State constitution are not cognizable in a federal habeas corpus action. Respondents further argue that an indigent defendant

2

has no constitutional right to compel an appointed counsel to press nonfrivolous points if counsel as a matter of professional judgment decides not to present those points. Respondents conclude that Claims One and Two should be dismissed for failure to state a violation of federal law.

Respondents further argue that Claims One and Two are unexhausted to the extent they may be construed as stating a Sixth Amendment violation, and Mr. Lamar has a remedy in state court under Colo. R. Crim. P. 35(c). Respondents also contend that Mr. Lamar concedes that he did not exhaust Claim Three, and his argument that the claim may be exhausted because it is "subsumed in his argument that he was denied access to the courts" (Am. Application at 5) is without legal authority.

Mr. Lamar argues in his Reply that Claims One and Two are proper substantive and procedural due process claims, which were addressed in his petition for rehearing, even though the CCA chose to ignore the claims, and presented to the Colorado Supreme Court in a petition for certiorari review. As for Claim Three, Mr. Lamar retracts the assertion of exhaustion that he set forth in the Application. In the Reply, Mr. Lamar argues that the "theory" of this claim, as stated in the Application, is slightly different from the claim he presented in the petition for rehearing and in the petition for certiorari review. Nonetheless, Mr. Lamar contends if Claim Three is construed liberally in his favor the claim "passes legal muster under [the] exhaustion doctrine." (Reply at 6.)

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

The "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). The requirement of exhaustion of state remedies in federal habeas cases dictates that a state prisoner must "give the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The United States Court of Appeals for the Tenth Circuit has found that raising an issue in a reply brief is "too late" for the Colorado Supreme Court to consider the

4

issue. *See Bethurum v. Zavaras*, 2009 WL 3601242, No. 08-1267 (10th Cir. (D. Colo.) Nov. 3, 2009) (not selected for publication) (citing *People v. Czemerynski,* 786 P.2d 1100, 1107 (Colo.1990)). In *Czemerynski*, the Colorado Supreme Court, relying on 9 Wright and Miller, *Federal Practice and Procedure* § 3974 (1977) (issue not raised in original brief normally not considered by court), refused to consider an argument on appeal that was not raised at trial or in a defendant's opening brief. *Id.* at 1107; *accord People v. Salinas,* 55 P.3d 268, 270 (Colo. App. 2002) (court refused to consider issue raised for first time in reply brief).

Here, Mr. Lamar concedes that he raised his due process claims for the first time in his petition for rehearing in the CCA. (Reply at 4-5.) Based on *Czemerynski*, the Court finds that Mr. Lamar has not invoked one complete round of the State's established appellate review process or presented his claims fairly to the state courts. Mr. Lamar's claims, therefore, will be dismissed for failure to exhaust state court remedies. The Court will refrain from determining the merit of Mr. Lamar's due process claims and whether the claims are properly construed as ineffective assistance of counsel claims. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Lamar has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this 15th day of February, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*

_____

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02420-BNB

Andrew Mark Lamar
Prisoner No.  113997
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 16, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk