IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 17 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02420-ZLW

ANDREW MARK LAMAR,

Applicant,

v.

ARISTEDES ZAVARAS, Executive Director of the Department of Corrections, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

Respondents.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

This matter before the Court is the 'Motion for Reconsideration of Judgment Entered Dismissing Habeas Corpus Action" filed **pro se** by Applicant, Andrew Mark Lamar, on February 28, 2011. Mr. Lamar seeks reconsideration of the Order entered on February 16, 2011, dismissing the instant action. The Court must construe the Motion liberally because Mr. Lamar is proceeding *pro se*. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Motion as filed pursuant to Fed. R. Civ. P. 59(e) and will deny the Motion.

The Court denied the 28 U.S.C. § 2254 Application and dismissed the action for failure to exhaust state-court remedies. The reasons for the dismissal are explained in detail in the February 16 Order of Dismissal. A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v.**

*United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The Motion was filed on February 28, 2011, within twenty-eight days of the final judgment. *See* Fed. R. Civ. P. 6(a). The Court, therefore, will construe the Motion as filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate where a court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Upon consideration of the Motion for Reconsideration and the entire file, the Court concludes that Mr. Lamar fails to demonstrate some reason why the Court should alter or amend the February 16 Order of Dismissal in this action. Nothing Mr. Lamar asserts gives cause for reinstating this case. Accordingly, it is

ORDERED that Mr. Lamar's Motion for Reconsideration of Judgment Entered Dismissing Habeas Corpus Action (Doc. No. 19) is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 17th day of March, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02420-BNB

Andrew Mark Lamar
Prisoner No. 113997
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on March 17, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk